*George Allen, Jr. v. Commissioner of Internal Revenue*
(11th Cir. – No. 22-12537-DD)

C-1 of 2

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, counsel for the Commissioner hereby certify that, to the best of their knowledge, information, and belief, the following persons and entities have an interest in the outcome of this appeal:

Allen, Jr., George W., Petitioner – Appellant

Christensen, Jacob E., Attorney, Appellate Section, Tax Division, United States Department of Justice

Charles P. Rettig, Commissioner of Internal Revenue, Defendant – Appellee

Epstein, Lauren, Attorney, Internal Revenue Service Office of Chief Counsel

Erickson, Elizabeth, Attorney, Internal Revenue Service Office of Chief Counsel

Foley, Maurice B., Chief Judge, United States Tax Court

Hubbert, David A., Deputy Assistant Attorney General, Tax Division, United States Department of Justice

*George Allen, Jr. v. Commissioner of Internal Revenue*
**(11th Cir. – No. 22-12537-DD)**

**C-2 of 2**

Schindler, Jamie A., Attorney, Internal Revenue Service Office of

    Chief Counsel

Wicks, Marie E., Attorney, Appellate Section, Tax Division, United

    States Department of Justice

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| **GEORGE ALLEN, JR.,** ) | |
| ) | |
| Petitioner-Appellant ) | |
| ) | |
| v. ) | No. 22-12537 |
| ) | |
| **COMMISSIONER OF INTERNAL REVENUE,** ) | |
| ) | |
| Respondent-Appellee ) | |

## APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE

The Commissioner of Internal Revenue respectfully moves this Court to summarily affirm the United States Tax Court's order of dismissal. The Tax Court lacked subject matter jurisdiction over the petition filed by appellant, George Allen, Jr. ("taxpayer"), because he filed his petition beyond the strict statutory deadline set forth in Section 6213(a) of the Internal Revenue Code ("I.R.C.") (26 U.S.C.).

## BACKGROUND

Taxpayer is an attorney who failed to timely file his 2016 federal income tax return. (Doc. 1 at 3-9 (Notice of Deficiency).)[1] The IRS received reports from other sources showing that taxpayer received business income, dividends, capital gains, interest, and social security benefits in 2016 that resulted in total income for the year of $367,316. (Doc. 1 at 5-7.)

On March 2, 2020, the IRS sent by certified mail a notice of deficiency to taxpayer determining a deficiency in income tax for 2016 in the amount of $131,789, as well as penalties and interest charges. (Doc. 1 at 3; Doc. 4, Exhibit A.) The notice stated that the last day to file a petition for redetermination with the Tax Court was June 1, 2020, *i.e.,* the first business day following the 90-day filing period set forth in I.R.C. § 6213(a). (Doc. 1 at 3, 4.) As explained below, this period was subsequently extended to July 15, 2020, pursuant to I.R.C. § 7508A(a), due to the Covid-19 pandemic.

---

[1] "Doc." refers to documents in the original record on appeal, as numbered by the Clerk of the Tax Court and lodged electronically with this Court on August 12, 2022.

-3-

Taxpayer filed a petition with the Tax Court bearing a U.S. postmark date of July 16, 2020.  (Doc. 1 at 10 (Envelope).)  Taxpayer's petition argued that the IRS's notice of deficiency did not accurately reflect his income for 2016.  (Doc. 1 at 1-2 (Petition).)  The Commissioner moved to dismiss taxpayer's petition for lack of jurisdiction because he failed to file it within the time period prescribed by I.R.C. § 6213(a).  (Doc. 4.)  The Commissioner explained that, to be timely, the petition had to be postmarked or filed with the Tax Court by July 15, 2020, taking into account the extension authorized by law due to the Covid-19 pandemic.  (Doc. 4.)  Taxpayer responded to the motion to dismiss, claiming he was informed by an employee at the Post Office that the envelope he dropped into the slot would be postmarked on July 15, 2020.  (Doc. 6 at 2 (¶ 6).)  He did not dispute that the petition envelope was in fact postmarked July 16, 2020.

On April 29, 2022, the Tax Court granted the Commissioner's motion and dismissed the petition for lack of jurisdiction.  (Doc. 8.)  Taxpayer timely filed a notice of appeal on July 27, 2022, within 90 days of the Tax Court's order.  (Doc. 9); I.R.C. § 7483.  This Court has jurisdiction to review the Tax Court's order of dismissal under I.R.C.

§ 7482(a)(1), and venue is proper in this Circuit under I.R.C. § 7482(b)(1)(A) based on taxpayer's Florida residence.  (*See* Doc. 9.)

## ARGUMENT

This Court reviews the Tax Court's legal conclusions de novo. *Highpoint Tower Tech. Inc. v. Commissioner*, 931 F.3d 1050, 1056 (11th Cir. 2019).  Accordingly, "[q]uestions of subject-matter jurisdiction and statutory interpretation are legal issues reviewed *de novo*."  *Greenberg v. Commissioner*, 10 F.4th 1136, 1155 (11th Cir. 2021).  The Tax Court's findings of fact are reviewed for clear error.  *Campbell v. Commissioner*, 658 F.3d 1255, 1258 (11th Cir. 2011).

"[S]ummary disposition is necessary and proper" if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all Fifth Circuit decisions issued before October 1, 1981).  Summary affirmance is warranted here because the Tax Court's order dismissing taxpayer's petition for lack of

jurisdiction on the ground that it was untimely filed was clearly correct as a matter of law under the controlling precedent of this Court.

## A. Taxpayer's petition in the Tax Court was untimely

Taxpayers living in the United States have 90 days after a notice of deficiency is mailed by the IRS to file a petition in the Tax Court for a redetermination of the deficiency. I.R.C. § 6213(a). The "timely filing of such a petition is a jurisdictional prerequisite for a suit in the tax court." *Pugsley v. Commissioner*, 749 F.2d 691, 692 (11th Cir. 1985); *accord Joannou v. Commissioner*, 33 T.C. 868, 869 (1960).

Here, taxpayer's 90-day deadline for filing a petition ordinarily would have expired on June 1, 2020, as stated in the notice of deficiency.[2] But after the notice was issued, and in response to the Covid-19 pandemic, the deadline for filing a petition with the Tax Court that otherwise would have fallen between April 1, 2020, and July 15, 2020, was postponed until July 15, 2020, by operation of I.R.C. § 7508A(a) and IRS Notice 2020-23. *See* IRS Notice 2020-23, § III.C., Update to Notice 2020-18, Additional Relief for Taxpayers Affected by

---

[2] The June 1, 2020 deadline was actually the 91st day because the 90th day, May 31, 2020, was a Sunday. *See* I.R.C. § 6213(a) (Sundays not counted as the last day).

Ongoing Coronavirus Disease 2019 Pandemic, 2020-18 I.R.B. 742, 2020 WL 1819026 (April 9, 2020).  Accordingly, taxpayer had until July 15, 2020, to file a petition with the Tax Court.

Under I.R.C. § 7502(a)(1), timely mailing is treated as timely filing under certain circumstances, with the date of the United States postmark deemed to be the date of filing.  This rule generally applies to documents filed in the Tax Court, I.R.C. § 7502(d)(1), but only if the postmark date falls within the prescribed period or on or before the prescribed date for filing, I.R.C. § 7502(a)(2)(A); 26 C.F.R. § 301.7502-1(c)(1)(iii).  "If the postmark does not bear a date on or before the last date, or the last day of the period, prescribed for filing the document or making the payment," then "the document or payment is considered not to be timely filed or paid, *regardless of when the document or payment is deposited in the mail.*"  26 C.F.R. § 301.7502-1(c)(1)(iii) (emphasis added).

Therefore, regardless of when taxpayer deposited the envelope with his petition in the mail, there is no dispute that it was postmarked July 16, 2020, one day after the statutorily prescribed deadline expired. The Tax Court's finding in this respect is dispositive.

**B.    Summary affirmance is warranted because controlling Eleventh Circuit precedent establishes that the Tax Court lacked jurisdiction over taxpayer's untimely petition**

Summary affirmance is warranted because there is "no substantial question" that the Tax Court lacked jurisdiction over taxpayer's late-filed petition as a matter of law.  *See Groendyke*, 406 F.2d at 1162.  Consistent with the caselaw of every regional circuit and the Tax Court, this Court's binding precedent holds that the timely filing of a petition under I.R.C. § 6213(a) is a jurisdictional prerequisite for a suit in the Tax Court.  *See Pugsley*, 749 F.2d at 692; *Johnson v. Commissioner,* 611 F.2d 1015, 1018 (5th Cir. 1980) ("It cannot now be seriously questioned that the timely filing of the petition for redetermination is jurisdictional."); *Rich v. Commissioner*, 250 F.2d 170, 175 (5th Cir. 1957).[3]  Even after reviewing recent Supreme Court decisions concerning the jurisdictional nature of certain statutory requirements, courts of appeals have reaffirmed the long line of precedent holding that § 6213(a) imposes a jurisdictional deadline.  *See Organic Cannabis Found., LLC v. Commissioner*, 962 F.3d 1082, 1092–

---

[3] We note that the Westlaw database may incorrectly display a concurring opinion in the *Rich* decision that does not actually exist.

-8-

95 (9th Cir. 2020) (affirming the Tax Court's dismissal of petitions that were filed one day late for lack of jurisdiction), *cert. denied*, 141 S. Ct. 2596 (2021); *Tilden v. Commissioner*, 846 F.3d 882, 886–87 (7th Cir. 2017) ("For many decades the Tax Court and multiple courts of appeals have deemed § 6213(a) as a whole to be a jurisdictional limit on the Tax Court's adjudicatory competence.") (collecting cases). Given § 6213(a)'s jurisdictional character, the fact that taxpayer's petition was only one day late is immaterial. With jurisdiction lacking, the Tax Court was "deprive[d] . . . of all authority to hear [the] case." *United States v. Wong*, 575 U.S. 402, 409 (2015).[4]

Although taxpayer's failure to file a timely petition forecloses his action in the Tax Court, he is not left without an avenue for challenging the tax and penalties determined in the IRS's notice of deficiency. He can pay the tax and then file a claim for refund with the IRS within two years of payment. If his claim is denied, he can bring a suit for refund

---

[4] In *Boechler v. Commissioner*, 142 S. Ct. 1493 (2022), the Supreme Court held that the 30-day period for filing a Tax Court petition under the separate statutory scheme governing collection-due-process determinations was not jurisdictional and was subject to equitable tolling. The Court's decision in that case, however, turned on the distinctive language of I.R.C. § 6330(d)(1).

in the district court or the Court of Federal Claims.[5] *Pugsley*, 749 F.2d at 694 n.4; *see also* 28 U.S.C. § 1346(a)(1); I.R.C. §§ 6511(a), 6532(a), 7422(a).

Taxpayer's arguments made below were without merit. First, citing Federal Rule of Civil Procedure 8(c), which does not apply to the Tax Court (*see* Tax Ct. R. 1), taxpayer argued that his failure to timely file his petition was "a statute of limitations defense" that the Commissioner waived by not raising it in his answer. (Doc. 6 at 1 (¶ 1).) But because I.R.C. § 6213(a)'s requirements are jurisdictional, they implicate the court's authority to hear the case and cannot be waived. *Organic Cannabis*, 962 F.3d at 1092. Taxpayer also argued that his case "is especially egregious" because the IRS deficiency notice contained income reported by third parties that taxpayer alleged he did not actually earn. (Doc. 6 at 2 (¶ 7).) This argument, however, goes to the merits of his claims rather than the threshold matter of the Tax Court's jurisdiction. Although he may still litigate his claims in a

---

[5] As the Ninth Circuit recognized, characterizing I.R.C. § 6213(a)'s time limit for filing a petition in the Tax Court as "jurisdictional" preserves taxpayers' ability to challenge their tax liabilities in a refund suit. *Organic Cannabis*, 962 F.3d at 1095.

refund suit, his untimely petition under § 6213(a) now forecloses his action in the Tax Court.

## CONCLUSION

For the reasons stated above, this Court should summarily affirm the Tax Court's dismissal of the petition for lack of jurisdiction.

Respectfully submitted,

DAVID A. HUBBERT
  *Deputy Assistant Attorney General*

/s/ Marie E. Wicks

| | |
|---|---|
| JACOB CHRISTENSEN | (202) 307-0878 |
| MARIE E. WICKS | (202) 307-0461 |

  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*
  *Appellate.TaxCivil@usdoj.gov*
  *Marie.E.Wicks@usdoj.gov*

SEPTEMBER 12, 2022

USCA11 Case: 22-12537     Document: 9     Date Filed: 09/12/2022     Page: 13 of 14
-11-

# CERTIFICATE OF COMPLIANCE

## With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

Check the appropriate box in section 1, and check the box in section 2.

**1. Type-Volume**

[X] This document complies with the word limit of FRAP 32(a)(7)(B) because, excluding the parts of the document exempted by FRAP 32(f), this document contains 1,826 words.

**or**

[ ] This brief complies with the line limit of FRAP ____ because, excluding the parts of the brief exempted by FRAP 32(f) and ____, this brief uses a monospaced typeface and contains ____ lines of text.

**2. Typeface and Type-Style**

[X] This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6).

(s) __Marie E. Wicks__

Attorney for __Commissioner of Internal Revenue__

Dated: __September 12, 2022__

-12-

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September, 2022, this motion was filed with the Clerk of the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system, and three (3) paper copies were sent to the Clerk by First Class Mail. In addition, service was made on September 12, 2022, by First Class Mail upon the following non-CM/ECF participants:

> George W. Allen, Jr.
> 1328 Guava Isle
> Fort Lauderdale, FL 33315

> /s/ Marie E. Wicks  _
> Marie E. Wicks
> *Attorney*