[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 22-12537

Non-Argument Calendar

_____

GEORGE W. ALLEN, JR.,

　　　　　　　　　　　　　　　　　　　　　　　Petitioner,

versus

COMMISSIONER OF INTERNAL REVENUE,

　　　　　　　　　　　　　　　　　　　　　　　Respondent.

_____

Petition for Review of a Decision of the
U.S. Tax Court
Agency No. 11238-20

_____

Before NEWSOM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

George Allen, Jr., proceeding *pro se* on appeal, appeals the Tax Court's dismissal of his petition to challenge a notice of deficiency, under 26 U.S.C. § 6213(a), for lack of jurisdiction. The Commissioner of the Internal Revenue Service (IRS) moves for summary affirmance of the Tax Court's dismissal of Allen's petition and contends the Tax Court lacked jurisdiction over Allen's appeal because his petition was postmarked on July 16, 2020, which was one day after the filing deadline. The Commissioner contends timely filing was a jurisdictional prerequisite to bringing a petition to challenge the notice of deficiency in the Tax Court.

Allen responds and asserts the Commissioner is not entitled to summary affirmance because the Supreme Court's decision in *Boechler, P.C. v. Comm'r of Internal Revenue*, 142 S. Ct. 1493 (2022), undermines our precedent, which previously held that timely filing of a petition to challenge the notice of deficiency is a prerequisite for the Tax Court's jurisdiction.

After the IRS mails a notice of deficiency to a taxpayer, the "taxpayer may file a petition with the Tax Court for a redetermination of the deficiency," within 90 days. 26 U.S.C. § 6213(a). Furthermore, the statute provides the "Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of

22-12537               Opinion of the Court                        3

the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition." *Id.* The "timely filing of such a petition is a jurisdictional prerequisite for a suit in the tax court." *Pugsley v. Comm'r of Internal Revenue*, 749 F.2d 691, 692 (11th Cir. 1985).

The postmark stamped date on the envelope of a petition shall be the date of delivery of such a document for purposes of a filing deadline. 26 U.S.C. § 7502(a). If the envelope has a timely postmark, the document is considered timely filed even if it is received after the last date prescribed for filing the document. 26 C.F.R. § 301.7502-1(a). If the postmark does not bear a date on or before the last date set for filing the document, it is considered not to be timely filed regardless of when the document was deposited in the mail. *Id.* § 301.7502-1(c)(1)(iii)(A). "Accordingly, the sender . . . assumes the risk that the postmark will bear a date on or before the last date, or the last day of the period, prescribed for filing the document," although he may use registered or certified mail to avoid such risk. *Id.*

Summary disposition is appropriate because the Commissioner's position is clearly correct as a matter of law. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[1] (explaining summary disposition is appropriate where "the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case"). The Tax Court did not clearly err when it found that Allen's petition was untimely filed when it was postmarked on July 16, 2020, which was one day after the filing deadline for his petition to challenge the notice of deficiency. *See* 26 U.S.C. § 6213(a); I.R.S. Notice 2020-23 (Apr. 9, 2020) (providing relief to affected taxpayers and granting them until July 15, 2020, "to perform all [s]pecified [t]ime [s]ensitive [a]ctions, that [were] due to be performed on or after April 1, 2020, and before July 15, 2020," including "the time for filing all petitions with the Tax Court"); *Highpoint Tower Tech. Inc. v. Comm'r*, 931 F.3d 1050, 1056 (11th Cir. 2019) (reviewing the Tax Court's legal conclusions *de novo* and its factual findings for clear error). The Commissioner mailed Allen's notice of deficiency on March 2, 2020, which informed him he had until June 1, 2020, to file a petition with the Tax Court. 26 U.S.C. § 6213(a). However, after the President declared the COVID-19 pandemic as a federal disaster, the Secretary of the Treasury issued a notice on April 9, 2020, which extended Allen's deadline from June 1, 2020, to July 15, 2020, to file his petition with the Tax Court. I.R.S. Notice 2020-23 (Apr. 9, 2020).

With a filing deadline of July 15, 2020, Allen's petition, postmarked on July 16, 2020, was untimely, and under our case law, the timely filing of a deficiency petition is a jurisdictional prerequisite for a case in the Tax Court. *Pugsley*, 749 F.2d at 692; *see also* 26 U.S.C. § 7502(a); 26 C.F.R. §§ 301.7502-1(a) and (c)(1)(iii)(A).

22-12537               Opinion of the Court                    5

Contrary to Allen's argument, *Boechler*[2] did not overrule our precedent in *Pugsley*, and we are bound by prior panel precedent to apply the law holding the timely filing of a petition to challenge the notice of deficiency is a jurisdictional prerequisite for a suit in the Tax Court. *See Pugsley*, 749 F.2d at 692; *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001) ("Under the well-established prior panel precedent rule of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting *en banc* or by the Supreme Court."); *Garrett v. Univ. of Ala. at Birmingham Bd. of Trustees*, 344 F.3d 1288, 1292 (11th Cir. 2003) ("While an intervening decision of the Supreme Court can overrule the decision of a prior panel of our court, the Supreme Court decision must be clearly on point.");

---

[2] In *Boechler*, the IRS notified the taxpayer of a discrepancy in its tax filings, and when the taxpayer failed to respond, the IRS assessed an "intentional disregard" penalty. 142 S. Ct. at 1496. After the Independent Office of Appeals sustained the IRS's levy, Boechler had 30 days to file a petition in the Tax Court, which he missed by 1 day. *Id.* at 1497. The Tax Court dismissed Boechler's petition for lack of jurisdiction. *Id.* The Supreme Court explained that a procedural requirement is only jurisdictional if Congress "clearly states" that it is. *Id.* The Court looked at I.R.C. § 6330(d)(1), which stated that a "person may, within 30 days of a determination under this section, petition the Tax Court for review of such determination (and the Tax Court shall have jurisdiction with respect to such matter)." *Id.* Finding the text of § 6330(d)(1) did not "clearly mandate the jurisdictional reading," the Supreme Court held "§ 6330(d)(1)'s 30-day time limit to file a petition for review of a collection due process determination is an ordinary, nonjurisdictional deadline subject to equitable tolling." *Id.* at 1498, 1501.

| | | |
|---|---|---|
| 6 | Opinion of the Court | 22-12537 |

*Main Drug, Inc. v. Aetna U.S. Healthcare, Inc.*, 475 F.3d 1228, 1230 (11th Cir. 2007) (noting "[o]bedience to a Supreme Court decision is one thing, extrapolating from its implications a holding on an issue that was not before that Court in order to upend settled circuit law is another thing" and holding the Supreme Court's determination the time requirement set out in Federal Rule of Criminal Procedure 33 was not jurisdictional did not impact our precedent holding the requirements of Federal Rule of Appellate Procedure 5 are jurisdictional). Additionally, although Allen contends he has proof he was in line at the post office on July 15, 2020, and was given assurances his petition would be postmarked on that date, by failing to send his petition by registered or certified mail, he assumed the risk the petition would not be postmarked on the day he asserts he deposited it in the mail. *See* 26 C.F.R. § 301.7502-1(c)(1)(iii)(A).

　　Because Allen failed to timely file his petition, the Tax Court did not err when it determined it lacked jurisdiction to hear his case. *See Highpoint Tower Tech., Inc.*, 931 F.3d at 1056. Therefore, the Commissioner's position is clearly correct as a matter of law, and he is entitled to summary affirmance of the Tax Court's dismissal of Allen's petition for lack of jurisdiction. *See Groendyke Transp.*, 406 F.2d at 1162. Therefore, we GRANT the government's motion for summary affirmance.